# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:14cv628

| | |
|---|---|
| TAMATHA L. OSBORNE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **MEMORANDUM AND** |
| CAROLYN W. COLVIN, ) | **RECOMMENDATION** |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's claim for supplemental security income. This case came before the Court on the administrative record and the parties' Motions for Summary Judgment [# 10 & # 12]. The Court **RECOMMENDS** that the District Court **DENY** the Commissioner's Motion for Summary Judgment [# 12], **GRANT** Plaintiff's Motion for Summary Judgment [# 10], and **REMAND** this case for further proceedings.

## I. Procedural History

Plaintiff filed an application for Supplemental Security Income on July 21, 2011. (Transcript of Administrative Record ("T.") 131-36.) Plaintiff alleged an

onset date of November 19, 2010.  (T. 131.)  The Social Security Administration denied Plaintiff's claim.  (T. 80-83.)  Plaintiff requested reconsideration of the decision, which was also denied.  (T. 87-90.)   A disability hearing was then held before an Administrative Law Judge ("ALJ").  (T. 15-38.)  The ALJ then issued a decision finding that Plaintiff was not disabled through the date of the decision.  (T. 65-75.)   Plaintiff requested review of the ALJ's decision, which was denied by the Appeals Council.  (T. 1-3.)  Plaintiff also submitted additional evidence to the Appeals Council, including the checklists and assessment forms from Dr. Eugene Reynolds and Dr. Louis Delassandro.  (T. 1-4.)  The Appeals Council considered the new evidence and made it part of the administrative record.  (Id.)  Plaintiff then brought this action seeking review of the Commissioner's decision.

## II. Standard for Determining Disability

An individual is disabled for purposes of receiving disability payments if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ."  42 U.S.C. § 423(d)(1)(A); see also Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001).  The Commissioner undertakes a five-step inquiry to determine whether a claimant is disabled.  Johnson v. Barnhart, 434

F.3d 650, 653 (4th Cir. 2005). Under this inquiry, the Commissioner must consider in sequence: (1) whether a claimant is gainfully employed; (2) whether a claimant has a severe impairment that significantly limits her ability to perform basic work-related functions; (3) whether the claimant's impairment meets or exceeds the listing of impairments contained in Appendix I of 20 C.F.R. Part 404, subpart P; (4) whether the claimant can perform her past relevant work; (5) whether the claimant is able to perform any other work considering her age, education, and residual functional capacity. Mastro, 270 F.3d at 177; Johnson, 434 F.3d at 654 n.1; 20 C.F.R. § 404.1520. If at any stage of the inquiry, the Commissioner determines that the claimant is or is not disabled, the inquiry is halted. 20 C.F.R. §§ 404.1520(a) and 416.920(a).

### III. The ALJ's Decision

In his July 26, 2013, decision the ALJ found that Plaintiff was not disabled and not eligible for supplemental security income. (T. 75.) The ALJ made the following specific findings:

(1) The claimant has not engaged in substantial gainful activity since the alleged date of disability onset.

(2) The medical evidence establishes that the claimant has "severe" lupus, diabetes, left carpal tunnel syndrome, and obesity, but that she does not have an impairment or combination of impairments listed in, or medically equal to one listed in, Appendix 1, Subpart P, Regulations No. 4. Additionally, for

-3-

> the reasons discussed in the body of this decision, the claimant has not met her burden of establishing that she has any other "severe" impairment.
>
> (3) For the reasons discussed in the body of this decision, the testimony regarding the severity of the claimant's impairments and resulting functional limitations was not persuasive.
>
> (4) The claimant retains the residual functional capacity to perform "light" work subject to the additional limitations discussed in the body of this decision.
>
> (5) The claimant is unable to perform her past relevant work.
>
> (6) The claimant is a "younger individual" and she has a "limited" education.
>
> (7) Based on an exertional capacity for "light" work, and the claimant's age, education, and work experience, section 404.1569 and Rule 202.21, Table No. 2, Appendix 2, Subpart P, Regulations No. 4 would direct a conclusion of not "disabled".
>
> (8) Even if the claimant's non-exertional limitations do not allow her to perform the full range of "light" work, using the above cited Rule in conjunction with the credible testimony of the vocational expert, a finding that there are a significant number of jobs in the national economy that the claimant could perform is warranted. Examples of such jobs are ticket seller, parking fee collector, and ticket taker.
>
> (9) The claimant was not under a "disability" as defined in the Social Security Act, at any time through the date of this decision 20 CFR 404.1520(f).

(T. 74-75.)

## IV. Standard of Review

Section 405(g) of Title 42 provides that a plaintiff may file an action in federal court seeking judicial review of the Commissioner's denial of social security benefits. Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). The scope of judicial review, however, is limited. The Court "must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (internal quotation marks omitted). It is more than a scintilla but less than a preponderance of evidence. Id. When a federal district court reviews the Commissioner's decision, it does not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." Id. Accordingly, the issue before the Court is not whether Plaintiff is disabled but, rather, whether the Commissioner's decision that she is not disabled is supported by substantial evidence in the record, and whether the ALJ reached his decision based on the correct application of the law. Id.

V.     Analysis[1]

Plaintiff contends that the post-decision medical opinions of two of Plaintiff's treating physicians, Dr. Reynolds and Dr. Dalessandro, warrants remand. These opinion were submitted to the Appeals Council after the ALJ rendered his decision in the case. The Appeals Council considered the new opinions, but found no reason to review the decision of the ALJ. (T. 1-5.) Plaintiff contends that Meyer v. Astrue, 662 F.3d 700, 704 (4th Cir. 2011), requires that the Court remand this case.

In seeking review of a decision of an ALJ, a claimant may submit evidence to the Appeals Council that was not presented to the ALJ. Meyer, 662 F.3d at 704. Where a claimant presents new and material evidence to the Appeals Council that relates to the period on or before the date of the ALJ's decision:

> The Appeals Council shall evaluate the entire record including the new and material evidence submitted if it relates to the period on or before the date of the administrative law judge hearing decision. It will then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.

20 C.F.R. § 404.970; see also Meyer, 662 F.3d at 705. If, however, after a review of all the evidence in the record, including the new and material evidence, the

---

[1] Rather than separately set forth the facts in this case, the Court has incorporated the relevant facts into its legal analysis.

Appeals Council determines that the decision of the ALJ is not contrary to the weight of the evidence, the Appeals Council may deny a claimant's request for review. Meyer, 662 F.3d at 705. The Appeals Council does not have to explain its rationale for denying review or make findings of fact like an ALJ. Id. at 705-6. "Only if the Appeals Council *grants* a request for review and issues its own decision on the merits is the Appeals Council required to make findings of fact and explain its reasoning." Id. at 706 (emphasis in original). Where the Appeals Council incorporates the new evidence into the record but denies the request for review, the question for this Court is whether, considering the record as a whole (including the new evidence submitted to the Appeals Council), the decision of the ALJ is supported by substantial evidence in the record. Wilkins v. Sec'y, Dep't Health Human Servs., 953 F.2d 93, 96 (4th Cir. 1991); see also Ellis v. Colvin, No. 2:12-cv-00018-MOC-DLH, 2013 WL 3976623 (W.D.N.C. Aug. 2, 2013) (Cogburn, J.) (unpublished).

In Meyers, the Fourth Circuit remanded the case because after a review of the entire record, including the opinion of a treating physician submitted to the Appeals Council, the Fourth Circuit could not determine whether substantial evidence supported the decision of the ALJ. 662 F.3d at 707. As the Fourth Circuit explained in remanding Meyers for further fact finding:

> The ALJ emphasized that the record before it lacked "restrictions placed on the claimant by a treating physician," suggesting that this evidentiary gap played a role in its decision. Myer subsequently obtained this missing evidence from his treating physician. The evidence corroborates the opinion of Dr. Weissglass, which the ALJ had rejected. But other record evidence credited by the ALJ conflicts with the new evidence.

Id.

In Rowe v. Colvin, No. 3:13cv573, 2014 WL 879255 (W.D.N.C. Nov. 4, 2014) (Howell, Mag. J.), this Court recently examined a situation where an opinion of a treating physician was submitted to the Appeals Council, but the Appeals Council denied the request for review. Specifically, this Court found:

> Unlike Myers, there is no need to remand this case for further fact finding because substantial evidence in the record supports the decision of the ALJ. There is no "evidentiary gap" in this case. In contrast to the situation in Meyers, the opinion of one of Plaintiff's treating physicians, Dr. Michael Dockery, was before the ALJ. The ALJ also had the benefit of the opinion of Dr. Albert Whitaker. Dr. Dockery found that Plaintiff could lift 10 pounds frequently and 20 pounds occasionally, which is consistent with the ALJ's findings. (T. 23, 366.) The ALJ considered these opinions in connection with the medical evidence and Plaintiff's statements of pain and assigned them significant weight. (T. 22.) In contrast, the opinion of Dr. Floberg submitted to the Appeals Council appears to be largely based on Plaintiff's subjective complaints, which the ALJ found to be not credible. (T. 22, 405-09.) Moreover, a review of the clinical evidence in the record does not support the significant limitations contained in Dr. Flobert's opinion. Upon a review of the entire record, including the new evidence submitted to the Appeals Council, the Court finds that the decision of the ALJ is supported by substantial evidence in the record, and the new evidence does not require remand.

Id. at 4. The District Court, however, disagreed with this Court's assessment and

rejected the Memorandum and Recommendation, finding that the additional evidence submitted to the Appeals Council would be particularly helpful in determining the plaintiff's claim for disability. Rowe v. Colvin, No. 3:13-CV-00573-MOC-DL, 2014 WL 6879666 (W.D.N.C. Dec. 4, 2014) (Cogburn, J.) Accordingly, the District Court remanded the case for further proceedings for the ALJ to consider the additional evidence submitted to the Appeals Council.

Here, the Commissioner makes many of the same arguments it advanced in Rowe. Moreover, the additional evidence submitted to the Appeals Council in this case is significantly more relevant to a determination of Plaintiff's claim than the additional opinion submitted in Rowe, which the District Court found required remand. Dr. Reynolds and Dr. Delessandro both opine that Plaintiff suffers from Sjogren's syndrome. (T. 671 & 676.) The ALJ, however, determined that "the medical records do not support definitive diagnoses of . . . Sjogren's syndrome." (T. 69.) Not only do Plaintiff's treating physicians offer opinions that Plaintiff suffers from Sjogren's syndrome, but both of her treating physicians opine that she meets Listing 14.10 and has additional work related limitations. (T 669-78.) Such evidence both fills an evidentiary gap that was missing before the ALJ and is highly relevant to the ALJ's disability determination. Accordingly, the Court finds that remand is required for the ALJ to address Plaintiff's disability in light of the

additional evidence submitted to the Appeals Council. The Court **RECOMMENDS** that the District Court **DENY** the Commissioner's Motion for Summary Judgment [# 12], **GRANT** Plaintiff's Motion for Summary Judgment [# 10], and **REMAND** this case for further proceedings. During remand the ALJ may wish to address the finding that Plaintiff has a "limited education" (T.. 73.) by comparing Plaintiff's testimony (T. 26) with her education reported on a social worker intake evaluation.(T. 558.)

## VI.  Conclusion

The Court **RECOMMENDS** that the District Court **DENY** the Commissioner's Motion for Summary Judgment [# 12], **GRANT** Plaintiff's Motion for Summary Judgment [# 10], and **REMAND** this case for further proceedings.

Signed: August 31, 2015

Dennis L. Howell
United States Magistrate Judge

## **Time for Objections**

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(c), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).